The judgment found each appellant guilty as second offenders and set their punishment in accordance with the terms of Article 62, Vernon's Ann.P.C., at four years.

Were we writing on a clean slate, we might have minimized the strength of the appellant's contention, but this question has been decided.

In Cagle v. State, 147 Tex.Cr.R. 140, 179 S.W.2d 545, 546, in an exhaustive opinion written by Presiding Judge Hawkins, the identical question here presented was decided and supports the appellant's contention.

The form of verdict selected by the jury in that case read as follows:
"'We, the jury, find the Defendant guilty as charged in the second section of the second count of the [bill of] indictment.'"

We quote from the opinion:

"The form of verdict suggested was unfortunate and evidently was an oversight on the part of the court. If the jury had returned the verdict in question without the form having been suggested by the court its failure to pass upon the guilt of appellant for the present offense charged would not even be debatable. If the verdict does not include a finding of guilt upon the primary offense it is futile to cavil as to how the error came about. The court can not receive a verdict and give effect to part of it and ignore some other part. Williams v. State, 118 Tex.Cr.R. 366, 42 S.W.2d 441, and cases therein cited. Neither may the court receive a verdict and go beyond it in entering judgment thereon. The judgment must follow the verdict. If it did so in the present case it would simply adjudge that appellant at some previous time had been convicted of certain felonies because nothing more than that is charged in the second section of the second count."

We have studied the original papers in the Cagle case and are unable to distinguish it from the case at bar.

The judgments are reversed and the causes remanded.

**Robert ANDERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 28862.**

Court of Criminal Appeals of Texas.

March 6, 1957.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The conviction is for the unlawful possession of alcoholic beverages for the purpose of sale in a dry area; the punishment, a fine of $150.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.